Per Curiam.
We have considered with care the petition presented to us in the case of Snider vs. The Judge of Division “ O ” of the Civil District Court. The case made by the petition is of three verdicts of juries awarding plaintiff damages, each set aside by the judge of the lower court, and the petition avers that on setting aside the last verdict, the judge announced he would set aside any verdict that might be rendered, and that the relator could have a remedy, if the relator would waive the jury and submit the case to the court. By this, we presume, was meant that the judge would refuse to sign any judgment based on a verdict he deemed excessive.
It is argued, with great earnestness, by the relator, that the course of the lower court is, in effect, to deprive the relator of his constitutional right of trial by jury, and it is urged on us that under our supervisory power over inferior courts a mandamus should issue to compel the judge to set aside his last order directing the new trial, and to sign the judgment, so as to give the plaintiff in the suit the benefit *1483 of the verdict and affording the defendant the benefit of an appeal. The plaintiff refers ns to the decisions of this court, recognizing the weight due to verdicts of juries; to the legislation of other Srates, limiting the number of new trials, and reference is made also to Thompson on Trials, referring to the subject.
Under our jurisprudence this court has no control of a general character over inferior courts. If the grounds of complaint urged against the decisions of the lower courts in unappealable cases be such as pronouncing judgments without citation, or refusing to hear witnesses, or other violations of right, rendering the proceedings void, the wrong may be- corrected by the writ of certiorari. The law is careful to limit the writ to such cases. Code of Practice, Arts. 855, 857. The writ of prohibition issues only when the lower court exceeds its jurisdiction. Code of Practice, 845. Our powers are enlarged by the Constitution in respect to these writs so as to embrace all lower courts, but are still substantially restricted within the limits of the Code. The series of decisions, in cases on application for these writs, all affirm the bounds of our jurisdiction in this respect, dispensing with the necessity of any special reference.
The Code of Practice confers on judges of the lower court the power to sign judgments or grant new trials. Such functions involve the exercise of judgment which no other court can control. It has often been held that the lower courts can not be compelled to act in any matter in reference to which they must exercise judgment. To compel the lower court to set aside an order for a new trial in this case would be manifestly to supersede his power to refuse or grant the new trial, a power the law supposes he will exercise in accordance with his judgment. It is for the Legislature to determine what jurisdiction this court shall exercise and within the scope of the jurisdiction conferred on us. We are of opinion we can not grant the relief the relator seeks.